UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CORNELIO HERRERA-MARTINEZ,**

    Petitioner,

v.                                  Case No. 8:17-cv-2518-T-36AEP

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Cornelio Herrera-Martinez's timely-filed *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response opposing the petition. (Doc. 11). Herrera-Martinez did not reply. Upon consideration, the petition will be **DENIED**.

### Procedural History

Herrera-Martinez was convicted after a jury trial of one count of sexual battery and sentenced to life in prison. (Doc. 13, Ex. 1, pp. 56, 59-62). The state appellate court *per curiam* affirmed the conviction and sentence. (Doc. 13, Ex. 5). The state appellate court also *per curiam* affirmed the summary denial of Herrera-Martinez's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 13, Exs. 7, 8, 10).

### Standard Of Review; Exhaustion of State Remedies

The Antiterrorism and Effective Death Penalty Act governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). A federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

## Discussion

Grounds One, Two, And Three

Herrera-Martinez presents three claims of trial court error. In Ground One, Herrera-Martinez contends that the trial court violated his federal due process rights when it allowed the State to elicit testimony from a prosecution witness that Herrera-Martinez "approached her and made advances to her." (Doc. 1, p. 3). In Ground Two, Herrera-Martinez claims that the trial court violated his federal due process rights by preventing defense counsel from questioning the victim's brother about Herrera-Martinez's statements. In Ground Three, Herrera-Martinez argues that the trial court violated his federal due process rights by curtailing counsel's closing argument.

Respondent contends that these claims are unexhausted because Herrera-Martinez did not present the federal nature of the claims on direct appeal. The Court agrees. Herrera-Martinez's brief relied solely on state law in raising these claims. (Doc. 13, Ex. 3, pp. 18-22, 25-28). He did not cite any federal law, federal constitutional provision, or other federal authority. (*Id*.). Because

2

Herrera-Martinez failed to notify the state appellate court that he was presenting federal claims, he did not satisfy the exhaustion requirement. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim."); *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 849-50 (11th Cir. 2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right.").

Herrera-Martinez cannot return to state court to exhaust the federal claims because state procedures do not provide for successive direct appeals. *See* Fla. R. App. P. 9.140(b)(3) (stating that a notice of appeal must be filed within 30 days of the rendition of the sentence). Accordingly, Herrera-Martinez's claims are procedurally defaulted. *See Smith*, 256 F.3d at 1138. Herrera-Martinez has not argued or demonstrated that either the cause and prejudice or the fundamental miscarriage of justice exception applies to excuse the default. *See id*. Consequently, Grounds One, Two, and Three are barred from federal habeas review.

Ground Four

Herrera-Martinez asserts that §§ 794.011 and 800.04, Fla. Stat., are unconstitutional because they contain identical language.[1] He contends that the statutes are confusing and misleading. He further claims that the statutes "shifted the burden of proof in favor of the State" and hindered him in preparing a defense. (Doc. 1, p. 8). Herrera-Martinez concedes that he did not

---

[1] Herrera-Martinez was convicted under § 794.011, Fla. Stat., which governs sexual battery. Section 800.04, Fla. Stat., governs lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age.

3

present this claim in state court. Therefore, he has failed to exhaust this claim. Herrera-Martinez cannot return to state court to raise it in a second direct appeal. Even assuming that the claim is cognizable on collateral review,[2] Herrera-Martinez cannot return to state court to raise it in an untimely, successive postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (h). Accordingly, Herrera-Martinez's claim is procedurally defaulted.

In support of Ground Four, Herrera-Martinez cites *Martinez v. Ryan*, 566 U.S. 1 (2012). This citation is interpreted as an argument that Herrera-Martinez can meet the cause and prejudice exception to overcome the default. However, *Martinez* only concerns the default of claims alleging ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9 (holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) ("[T]he equitable rule established in *Martinez* applies only to excusing a procedural default of ineffective-trial-counsel claims[.]") (internal quotation marks and citation omitted); *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in *Martinez* is limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel.").

Accordingly, *Martinez* does not apply to excuse the default of Herrera-Martinez's challenge to the constitutionality of state statutes. Herrera-Martinez does not argue or demonstrate that another basis exists to excuse the default. Ground Four is barred from federal habeas review.

---

[2] A facial challenge to the constitutionality of a state statute must be raised on direct appeal. *See Delancy v. Tucker*, 88 So.3d 1036, 1037 (Fla. 1st DCA 2012) ("A direct appeal is the proper avenue for a facial constitutional challenge to a criminal statute."). However, it might be possible to raise an as-applied challenge in postconviction proceedings. *See, e.g., Charlemagne v. State*, 168 So.3d 245 (Fla. 5th DCA 2015) (affirming a judgment and sentence on direct review when the appellant failed to preserve an as-applied constitutional challenge to a state statute but noting that the affirmance was without prejudice to the appellant raising "the claim" in a postconviction motion).

It is therefore **ORDERED** that Herrera-Martinez's petition (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Herrera-Martinez and to **CLOSE** this case.

It is further **ORDERED** that Herrera-Martinez is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A certificate of appealability must first issue. *Id*. To obtain a certificate of appealability, Herrera-Martinez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Herrera-Martinez has not made the requisite showing. Since Herrera-Martinez is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on October 30, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

All parties of record including unrepresented parties, if any